■ RODERIC SUTER, Appellant, v MARGARET SUTER, Respondent. — Appeal from order of the Supreme Court, New York County (Gomez, J.), entered on April 1, 1981, which granted the defendant's motion to direct the plaintiff to pay $4,500 in medical costs and awarded a counsel fee of $750 to the defendant's attorney, is dismissed as superseded by the appeal from the order dated July 12, 1982. Order of the Supreme Court, New York County (Gomez, J.), dated July 12, 1982, which granted the plaintiff's motion for reconsideration of his cross motion to vacate the order of April 1, 1981 and, upon reconsideration, denied the cross motion, is modified, on the law, to the extent of denying the award of counsel fees to defendant's attorney, and otherwise affirmed, without costs or disbursements. Section 660.22 of the Supreme Court Rules for New York and Bronx Counties (22 NYCRR 660.22) provides, in part, that no motion for counsel fees be placed on the calendar unless the moving papers include an affidavit from the movant in the official prescribed form (subd [a]), and the moving papers shall also contain an affidavit from the attorney stating the moneys, if any, received on account of the fee and any agreement concerning payment (subd [b]). The defendant wife did not comply with this rule, particularly as regards to her failure to disclose in her moving papers the existence of a retainer agreement between herself and her counsel. Although the requirements of section 660.22 may, upon application to Special Term,

Part 5, in New York County or Special Term, Part I, in Bronx County, be waived for good cause shown, no such application was ever made. Consequently, it was error for the court to award counsel fees to the defendant's attorney. Concur — Sandler, J. P., Carro, Asch, Milonas and Kassal, JJ.